**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROSA VASQUEZ RAMOS; et al., | No. 20-71462 |
| Petitioners, | Agency Nos. A206-913-364 |
| v. | A206-913-363 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Rosa Vasquez Ramos and her minor son, natives and citizens of Guatemala,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum and Vasquez Ramos's applications for withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to establish Vasquez Ramos suffered harm that rises to the level of persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).  Substantial evidence supports the agency's conclusion that petitioners failed to establish a reasonable possibility of future persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Because petitioners failed to establish eligibility for asylum, Vasquez Ramos failed to satisfy the standard for withholding of removal.  *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).  Thus, petitioners' asylum claim, and Vasquez Ramos's withholding of removal claim, fail.

We do not address petitioners' contentions as to the cognizability of their

particular social group because the BIA did not deny relief on this ground. *See*

*Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited

to the grounds relied on by the BIA).

Substantial evidence also supports the agency's denial of CAT protection

because Vasquez Ramos failed to show it is more likely than not she will be

tortured by or with the consent or acquiescence of the government if returned to

Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**